IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEREK ALLEN PERRY, #2294178 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv417 |
| SGT. AUSTIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Derek Allen Perry, a prisoner confined in the Gurney Unit of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**Procedural History**

Plaintiff originally filed this action on July 29, 2020. (Dkt. #1). In response to the Court's order to replead (Dkt. #10), he filed an Amended Complaint. (Dkt. #15). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). As a result, the Amended Complaint (Dkt. #15) will be the governing complaint in this case.

On April 29, 2021, the Court ordered Plaintiff to file a More Definite Statement regarding his claims. (Dkt. #17). Plaintiff filed his response to the Order for a More Definite Statement on May 19, 2021. (Dkt. #18). The Court considers Plaintiff's response to the More Definite Statement as a supplement to his Amended Complaint. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.

1999) (holding that a court is limited to a consideration of the well-pleaded allegations of Plaintiff's complaint, including any attachments thereto or documents incorporated by reference therein); *Wright v. Dollar Tree Stores, Inc.*, 2014 WL 11456816 (N.D. Tex. Sept. 16, 2014). Plaintiff has been allowed to be fully heard on his claims.

### Plaintiff's Claims

In his Amended Complaint (Dkt. #15), Plaintiff alleges a denial of his constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Plaintiff sues Defendants Sergeant (Sgt.) Austin and Warden L. Berger in their individual and official capacities.

He sues Sergeant Austin for allegedly putting him at risk of catching the Covid-19 virus by not wearing a mask into Plaintiff's housing area on April 18, 2020. He also alleges that Sgt. Austin, with other officers, incited a riot—without having a camera to record the incident—that occurred because another inmate was taking a shower. Without any factual explanation, Plaintiff asserts the officers would not "allow[] [them] to take a shower during a time of cris[i]s." (Dkt. #15, p. 6). Plaintiff states he is suing Warden Berger for failure to train his officers.

In his response to the Order for More Definite Statement, Plaintiff concedes that he did not suffer any physical harm from these incidents and that he was not diagnosed with Covid while at the Gurney Unit. (Dkt. #18, p. 3). He maintains that his injuries are related to his mental health and the emotional stress that he suffered from the prison officials' actions. (Dkt. #18. P. 4). Plaintiff is seeking unspecified compensatory damages for emotional stress and mental anguish. (*Id.*).

### Preliminary Screening.

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental

2

entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts, when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however, in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke*, 490 U.S. at 327; *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff has been allowed to plead his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). After a plaintiff has had a fair opportunity to make his case—and if a cause of action has not been established—the court may dismiss the suit. *Id*. at 792.

### Discussion and Analysis.

Liberally construed, Plaintiff's complaint raises an Eighth Amendment conditions of confinement claim related to the spread of COVID-19 and his risk of catching the same in the Gurney Unit in 2020. He also complains about the denial of showers during this time period. The claims fail for multiple reasons.

**I.       Money damages against the Defendants in their official capacities**

Plaintiff maintains that he is suing Defendants in their official capacities; however, he is not seeking prospective injunctive relief. Plaintiff does seek relief in the form of monetary damages. He does not specify whether he is suing Defendants in their official capacities for money damages. To the extent Plaintiff is seeking money damages from Defendants in their official capacities, that claim should be dismissed.

When a plaintiff files suit against state officials in their official capacities, in effect, he is bringing suit directly against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011), *cert. denied*, 565 U.S. 1079 (2011) ("Eleventh

Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself")). Since the State has not consented to suit, in as far as Plaintiff filed suit against Defendants for monetary relief in their official capacities, Defendants are shielded from this claim via the Eleventh Amendment. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)). The Court recommends any claim seeking money damages from Defendants in their official capacities be dismissed, without prejudice, for lack of subject matter jurisdiction. *See Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) (holding that claims barred by the invocation of sovereign immunity "can be dismissed only under Rule 12(b)(1) and not with prejudice.").

## II.     Fourteenth Amendment Claim

Plaintiff contends that he is bringing his claims under the Fourteenth Amendment. He, however, has not alleged a denial of equal protection of the law claim or a due process claim under the Fourteenth Amendment. He has not alleged a Fourteenth Amendment claim separate from his Eighth Amendment right to be free from cruel and unusual punishment—which is asserted against state actors through the Fourteenth Amendment.[1] Thus, the Eighth Amendment is the proper vehicle for his claims. *See Whitley v. Albers,* 475 U.S. 312, 327 (1986) ("We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners...."). Allowing a factually identical Fourteenth Amendment would be superfluous. Plaintiff's Section 1983 Fourteenth Amendment claim for damages are dismissed as the claim is

---

[1] The Eighth Amendment by its own terms applies only to the federal government and is applicable to states only through the due process clause of the Fourteenth Amendment. *See Tuilaepa v. California,* 512 U.S. 967, 970, (1994).

subsumed by the Eighth Amendment. The Fourteenth Amendment claim should be dismissed pursuant to 42 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### III. Eighth Amendment Claims

Plaintiff's claims are proper under the Eighth Amendment. "'The Supreme Court has held that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Torres v. Livingston*, 972 F.3d 660, 662 (5th Cir. 2020) (quoting *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002)). An Eighth Amendment claim regarding conditions of confinement must meet two requirements: first, the conditions must have caused an "objectively, sufficiently serious" deprivation, defined as the denial of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, prison officials must have acted with "deliberate indifference" to the plaintiff's health or safety, which means that the official knows that the inmate faces a "substantial risk of serious harm" but "disregards that risk by failing to take reasonable measures to abate it." *Id*. at 561 (internal citation and quotation marks omitted).

The official must be subjectively aware of the facts from which the inference could be drawn and must actually draw the inference. *Id*. "'Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Torres*, 972 F.3d at 663 (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)); *see Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

A. <u>Sgt. Austin</u>

1. <u>Failure to wear a face mask</u>

Plaintiff asserts that Sgt. Austin's failure to wear a face mask into his housing area on April 18, 2020, placed him at risk of contracting Covid-19. Plaintiff's claim related to his *fear* of contracting COVID-19 is insufficient to state a claim under § 1983 and should be dismissed as a matter of law. *See United States v. Koons*, 455 F.Supp.3d 285, 292 (W.D. La. 2020) (explaining that general concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds for any type of redress). The Court agrees that simply the fear of contracting an illness is insufficient to state a claim.

Liberally construed, the gist of Plaintiff's claim is that Sgt. Austin was deliberately indifferent to Plaintiff's potential exposure to COVID-19. Plaintiff concedes that he did not catch COVID-19 at the Gurney Unit. (Dkt. #18, p. 3). "[T]o the extent that [Plaintiff] takes issue with conditions of confinement that resulted in his exposure to potential harm at [the Gurney Unit] in [April] of 2020, a prisoner's generalized fear of contracting COVID-19 is not sufficient to state a claim for relief." *Hamby v. Warden, Estelle Unit*, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) (citing *Koons*, 455 F.Supp.3d at 292 ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."); *VanDyke v. La. Dep't of Corr.*, 2020 WL 1869016 at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress) (citations omitted)). Plaintiff's conditions of confinement claim, rooted only in a generalized fear of catching

COVID-19, is meritless. His allegation fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    2.  <u>Failure to follow prison rules</u>

Plaintiff contends that Sgt. Austin failed to comply with prison rules by failing to have a video camera present when entering the housing unit to stop an inmate from showering; thereby inciting a riot. He also infers that Sgt. Austin also failed to follow prison rules by not wearing a face mask when entering the housing unit. A violation of prison policy or rules, standing alone, is not sufficient to demonstrate a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam). Plaintiff has failed to allege any facts showing that a violation of a prison rule rose to level of a constitutional violation. To the extent Plaintiff is alleging that Sgt. Austin violated a prison rule or policy, that allegation fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    B.  <u>Warden Berger</u>

Regarding Warden Berger, Plaintiff contends that on May 4, 2020, that Warden Berger placed Plaintiff's life in danger because: (1) his officers did not follow the proper protocols during the coronavirus pandemic, (2) no cameras were used during the incident with Sgt. Austin on April 18, 2020, (3) the officers did not wear face masks, or (4) allow the inmates to take showers during a time of crisis. (Dkt. #15, p. 6). Plaintiff clarifies in his Response to the Order for More Definite Statement that he is suing Warden Berger for failure to train. (Dkt. #18, p. 3).

A defendant's personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and a defendant's conduct.

*Delaughter v. Woodard*, 909 F.3d 130, 136-37 (5th Cir. 2018). A supervisory official may be held liable under § 1983 "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citations omitted); *see Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983").

Plaintiff claims Warden Berger failed to train or supervise his subordinates but offers only bare assertions without supporting facts. (Dkt. #15, p. 6, Dkt. #18, p. 3). To hold a defendant supervisor liable on a theory of failure to train, the plaintiff must show (1) the supervisor failed to train the subordinate official, (2) a causal link exists between the failure to train and the violation of the plaintiff's rights; and (3) the failure to train amounts to deliberate indifference. *Brauner v. Coody,* 793 F.3d 493, 501 (5th Cir. 2015); *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 397 (5th Cir. 2017).

Plaintiff has failed to allege any facts suggesting a causal link between Warden Berger's alleged failure to train his employees and any officer's failure to wear a face mask. He also has not established a link between Warden Berger's failure to train and any officer's failure to bring a video camera to an incident that devolved into a potential riot or that inmates may have been denied some showers during the coronavirus pandemic. Deliberate indifference is a "stringent standard of fault," *id*., requiring the plaintiff to show "that the official 'disregarded a known or obvious consequence of his action.'" *Id*. Actions or decisions by officials "that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Id*. Conclusory allegations of failure-to-train-or-supervise are insufficient to set out a constitutional claim. *Roberts v. City of*

9

*Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Plaintiff has offered only conclusory allegations of Defendant Berger's alleged failure to train.

An essential element of his failure to train claim is that the failure amounted to deliberate indifference. To satisfy the deliberate indifference prong, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005). "A showing of deliberate indifference requires that the [Plaintiff] show that the failure to train reflects a deliberate or conscious choice to endanger constitutional rights." *Id*. Here, Plaintiff's allegations are conclusory in nature and do not present a section 1983 failure to train claim against Warden Berger. These claims should be dismissed for failure to state a claim upon which relief may granted pursuant to 42 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

  C. <u>No Physical Injury</u>

Plaintiff only seeks compensatory damages for the pain and suffering that he experienced. (Dkt, #15, p. 4; Dkt. #18, p. 4). He, however, does not allege a physical injury. As a prisoner, Plaintiff is subject the Prison Litigation Reform Act's (PLRA) provisions. The PLRA bars "prisoners from bringing an action in federal court for mental or emotional injuries suffered in custody without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e). This physical injury requirement "has long been recognized as applying to claims under the Eighth Amendment." *See Sutherland v. Akin*, 2021 WL 4197239, at *5 (N.D. Tex. Sept. 15, 2021) (citing *Herman v. Holiday*, 238 F.3d 660, 665–66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997)). Given that Plaintiff alleges no physical injury, the PLRA bars his claim for compensatory damages. *See, e.g., Hamby*, 2020 WL

7081606, at *2; *Lee v. Doe*, 2022 WL 204355, at *5 (S.D.N.Y. Jan. 24, 2022) ("Because Plaintiff does not allege any physical injury, he cannot obtain damages for mental or emotional distress he may have from being incarcerated with quarantining inmates.") (citations omitted); *Greer v. KCSO Admin.*, 2021 WL 3563148, at *2 (E.D. Cal. Aug. 12, 2021)("Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury[.] Therefore, Plaintiff's claim for damages for emotional harm is barred."). Plaintiff's claims for compensatory damages for emotional stress, without a physical injury, are barred by the PLRA.

## IV.   Conclusion

In conclusion, Plaintiff's claims (Dkt. #15) fail to state a claim upon which relief may be granted against Defendants. Plaintiff also fails to state a claim upon which relief may be granted against Defendants in their official capacities for money damages.

## Recommendation

It is therefore recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed without prejudice for lack of subject matter jurisdiction. It is further recommended that Plaintiff's claims against Defendants in their individual capacities be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 23rd day of June, 2023.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE